**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| AUSTIN SMILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 6:18-cv-1729-Orl-40TBS |
| | ) |
| UNIVERSAL CITY DEVELOPMENT | ) |
| PARTNERS, LTD d/b/a UNIVERSAL | ) |
| ORLANDO RESORT, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND DEFENSES**
**TO PLAINTIFF'S COMPLAINT (DOC. 1)**

Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. d/b/a UNIVERSAL STUDIOS ORLANDO, by and through its undersigned counsel, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, answers the correspondingly numbered paragraphs of Plaintiff's, AUSTIN SMILEY ("Plaintiff"), Complaint (Doc. 1) (the "Complaint"), and asserts defenses as follows:

**NATURE OF ACTION**

1.      Defendant admits that this action purports to be brought pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Florida Civil Rights Act but denies all liability or that Plaintiff will be able to establish any violation of law.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 2 of the Complaint and therefore denies them.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant states that the allegations contained in Paragraph 6 contain legal conclusions to which no response is required but to the extent a response is required, Defendant admits it employed Plaintiff and denies the remaining allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendant admits for jurisdictional purposes only that this Court has jurisdiction to hear Plaintiff's claims but denies all liability or that Plaintiff will be able to establish any violation of law.

8. Defendant admits that this Court is a proper venue in which the allegations of the Plaintiff may be heard but denies all liability or that Plaintiff will be able to establish a violation of law.

## PROCEDURAL REQUIREMENTS

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and subparts a) and b) and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies them.

## GENERAL ALLEGATIONS

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Chris Russell was an employee of the Defendant and that for some period of time held the position of team lead and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies them.

14. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies them.

15. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies them.

16. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies them.

17. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies them.

18. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 regarding whether Russell became angry with Plaintiff or accused Plaintiff of something he did not do and therefore denies them. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff spoke to Chris Gibson about Chris Russell and denies the remaining allegations and inferences contained in Paragraph 20 of the Complaint.

21. Defendant admits Plaintiff requested to work in a different location than Chris Russell and denies the remaining allegations and inferences contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations, double negatives and inferences contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

**I.    COUNT I:  VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**

27. Defendant re-asserts and re-alleges its responses to paragraphs 1 through 27 as if fully set forth herein.

28. Defendant admits Plaintiff appears to be a man and states that the remaining allegations contain legal conclusions to which no response is required and to the extent a response is required, Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 about alleged conduct by Chris Russell which was not known to Defendant, nor reported by Plaintiff and therefore denies them and denies all remaining allegations and inferences contained in Paragraph 29 of the Complaint.

30. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 with respect to alleged conduct by Chris Russell of which Defendant was not aware and therefore denies them and denies all remaining allegations and inferences contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff made a complaint to his supervisor, Chris Gibson and Human Resources regarding a photo he allegedly received from Chris Russell and denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 regarding Plaintiff's emotional state

and therefore denies them but denies all remaining allegations and inferences contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

Defendant denies all allegations in Plaintiff's WHEREFORE clause including subsections A through G or that Plaintiff is entitled to any of the relief requested.

II. **COUNT II: VIOLATION OF THE FCRA SEXUAL HARASSMENT/ HOSTILE WORK ENVIRONMENT**

45. Defendant re-asserts and re-alleges its responses to paragraphs 1 through 27 as if fully set forth herein.

46. Defendant admits Plaintiff appears to be a man and states that the remaining allegations contain legal conclusions to which no response is required and to the extent a response is required, Defendant denies the remaining allegations in Paragraph 46 of the Complaint.

47. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 about alleged conduct by Chris Russell which was not known to Defendant, nor reported by Plaintiff and therefore denies them and denies all remaining allegations and inferences contained in Paragraph 47 of the Complaint.

48. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 with respect to alleged conduct by Chris Russell of which Defendant was not aware and therefore denies them and denies all remaining allegations and inferences contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant admits that Plaintiff made a complaint to his supervisor, Chris Gibson and Human Resources regarding a photo he allegedly received from Chris Russell and denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 regarding Plaintiff's emotional state and therefore denies them but denies all remaining allegations and inferences contained in Paragraph 43 of the Complaint

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

Defendant denies all allegations in Plaintiff's WHEREFORE clause including subsections A through G or that Plaintiff is entitled to any of the relief requested

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff's Complaint requests a jury trial but denies the existence of any triable issues of fact.

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies the allegations set forth in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

To the extent Plaintiff purports to assert claims of discrimination under Title VII of the Civil Rights Act of 1964 or the Florida Civil Rights Act that are not included in the Charge of Discrimination that Plaintiff filed with the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, Plaintiff has failed to exhaust his administrative remedies.

**THIRD DEFENSE**

Plaintiff's claim for harassment is barred and/or any recovery of damages is precluded because (i) Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior and (ii) Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

**FOURTH DEFENSE**

Defendant engaged in good faith efforts to comply with Title VII, and therefore cannot be held liable for punitive damages.

**FIFTH DEFENSE**

Plaintiff's claims fail because Plaintiff did not suffer an adverse employment action.

**SIXTH DEFENSE**

Plaintiff's claims fail to the extent they are barred by the applicable statute of limitations or based on events that occurred beyond the statute of limitations period.

## SEVENTH DEFENSE

Plaintiff's claims for damages in the form of back pay and benefits, if any, are barred by Plaintiff's failure to diligently seek other employment or to otherwise mitigate his damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands based on his own conduct to claim any right to damages or any relief against Defendant.

## NINTH DEFENSE

To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

## TENTH DEFENSE

Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

## ELEVENTH DEFENSE

Defendant is entitled to a setoff against any damages awarded against it to the extent that Plaintiff received any wages, compensation, pay, benefits, earnings, remunerations and profits, regardless of form, during the period that Plaintiff alleges he was entitled to employment.

**TWELFTH DEFENSE**

To the extent Plaintiff alleges that any employees of Defendant acted in a discriminatory or retaliatory manner toward him, such alleged conduct, which is denied, was outside the course and scope of the employees' employment and/or was not condoned or ratified by Defendant and/or was undertaken without the knowledge or consent of Defendant, and accordingly, Defendant is not liable.

**THIRTEENTH DEFENSE**

Defendant reserves the right to bring any additional affirmative defenses that become known during the litigation of this matter.

WHEREFORE, Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. d/b/a UNIVERSAL STUDIOS ORLANDO, prays judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff and that the Complaint herein be dismissed with prejudice;

2. That Defendant be awarded its costs of suit herein;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by the court; and

4. For such other and further relief as the court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 6th day of December, 2018.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Post Office Box 3389
        Orlando, Florida 32802-3389
        Telephone:   (407) 246-8440
        Facsimile:    (407) 246-8441

By:   */s/ Amanda A. Simpson*
      Stephanie L. Adler-Paindiris
      Florida Bar No. 0523283
      stephanie.adler-paindiris@jacksonlewis.com

      Amanda A. Simpson
      Florida Bar No. 0072817
      amanda.simpson@jacksonlewis.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 6th day of December, 2018, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Elizabeth Olivia Hueber, Esquire and Michael L. Feinstein, P.A., 200 S.E. 18th Court, Fort Lauderdale, FL 33316.

        */s/ Amanda A. Simpson*
          Amanda A. Simpson

4845-6918-1050, v. 1